**THREE STATES TRUCKINGS, INC., an Indiana Corp., and Knox Resources, Inc., a Delaware Corp., Plaintiffs,**

**v.**

**ARCO LEASING CORP., a Pennsylvania Corp., Defendant.**

**No. 78–1254C(1).**

United States District Court,
E. D. Missouri, E. D.

May 8, 1979.

Donald V. Nangle, Clayton, Mo., for plaintiffs.

G. Carroll Stribling, Jr., Fordyce & Mayne, Clayton, Mo., for defendant.

### MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on plaintiffs' motion for summary judgment on the claim and counterclaim. For the reasons stated below, the motion will be granted.

This case is brought under 28 U.S.C.A. § 1331 to enforce an arbitration award under 9 U.S.C.A. § 9. Defendant opposes enforcement and counterclaims asking that the award be set aside under 9 U.S.C.A. § 10.

This dispute arose over the amount of refund due plaintiffs from money paid to Arco Leasing Corporation (Arco) under a lease application agreement when the lease was not concluded. The pleadings, lease agreement, and arbitration award, together with affidavits and correspondence disclose the following facts. Plaintiffs applied to Arco for a lease and paid more than $45,-000.00 with the application. The lease agreement recited that "Any controversy arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association (the Association), and judgment upon the award rendered by the Arbitrator(s) may be rendered in any court having jurisdiction thereof."

When the lease was not concluded plaintiffs sought the return of their money. Arco returned part, but retained $45,000.00, stating that under the lease agreement it was entitled to the money as liquidated damages. Plaintiffs then began arbitration. Under rules of the Association, St. Louis was chosen as the site for arbitration. Arco objected and unsuccessfully sought an injunction in the Pennsylvania Court of Common Pleas requiring arbitration in Pennsylvania. The Pennsylvania court found that the Association, under its Rule 10, was empowered to choose the site of arbitration. Defendant states that an appeal from that ruling now is pending. Arco then sought, but was denied, an injunction pending appeal against the arbitration in St. Louis. Arbitration then took place in St. Louis. Plaintiffs were awarded the $45,000.00 they sought and Arco was required to pay the Association's costs ($800.00).

Plaintiffs have moved for summary judgment. Their motion may be granted if no issue of material fact exists and they are entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

9 U.S.C.A. § 9 provides that an order confirming an arbitration award must be granted if the parties have agreed that a judgment shall be entered upon the arbitration award, and if the award is not vacated, modified or corrected as prescribed in Sections 10 and 11 of Title 9, U.S.C.A. This Court has jurisdiction to enforce an award made within this district under 9 U.S.C.A. § 9.

■ The lease agreement between plaintiffs and Arco provides that a judgment may be rendered by any court having jurisdiction. Therefore, this Court must confirm the award made in St. Louis unless it is vacated, modified or corrected.

Arco advances two reasons why the award should be vacated. It argues that St. Louis was not the proper site for arbitration and that the award evinces manifest disregard for law. Arco's argument that arbitration in St. Louis was improper has been heard and rejected by a Pennsylvania court. Pennsylvania's Superior Court refused a request to stay arbitration pending appeal. In light of the Pennsylvania court's decision not to stay arbitration it is no denial of comity, now that arbitration has been concluded, to enforce the award. Arco has not put in issue its agreement to arbitrate under the rules of the Association or the fact that under its rules the Association had authority to assign arbitration to St. Louis. *Reed & Martin, Inc. v. Westinghouse Electric Corp.*, 439 F.2d 1268, 1273–74 (2d Cir. 1971).

■ Arco also claims the award is void because it shows manifest disregard of law. Arco interprets the arbitrator's award, which recited no reasons, to have held that there was no consideration to support an agreement between the parties. Arco then argues that if no agreement existed the arbitrator had no power to render a judgment and his award should be vacated under 9 U.S.C. § 10(d). That argument is without merit. Arco's own form signed by plaintiffs, recited that the arbitrator hear

"Any controversy or claim arising out of or relating to this contract, or the breach thereof. . . ." That broad arbitration clause grants the arbitrator authority to decide questions concerning the validity of the contract as a whole. *Prima Paint v. Flood & Conklin*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1966). The arbitrator reasonably may have found that the liquidated damages were invalid, although finding that both parties had agreed to arbitrate.

The plaintiff's motion for summary judgment on the claim and counterclaim will be granted.